## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

MYA MORRIS,

    Plaintiff,

    v.

SPIRIT AIRLINES, INC.,
JANE DOE#1 and JANE DOE#2,

    Defendants.

Case No.   22-11130

Hon.

Magistrate Judge

| | |
|---|---|
| Jordan S. Vahdat (P79237) <br> VAHDAT WEISMAN LAW <br> *Attorney for Plaintiff* <br> 17197 N. Laurel Park Dr., Ste. 500 <br> Livonia, MI 48152 <br> (734) 469-4994 <br> Jordan@thevwlaw.com | Scott R. Torpey (P36179) <br> Derek D. McLeod (P66229) <br> JAFFE RAITT HEUER & WEISS, P.C. <br> *Attorneys for Defendant* <br> 27777 Franklin Road, Suite 2500 <br> Southfield, Michigan 48034-8214 <br> (248) 351-3000 <br> (248) 351-3082 fax <br> storpey@jaffelaw.com <br> dmcleod@jaffelaw.com |

## DEFENDANT SPIRIT AIRLINES, INC.'S NOTICE OF REMOVAL

PLEASE TAKE NOTICE THAT Defendant Spirit Airlines, Inc. ("Spirit" or "Defendant"), by and through its attorneys, Jaffe Raitt Heuer & Weiss, P.C., and pursuant to 28 U.S.C. §§1332 and 1441, as well as E.D. Mich. L.R. 81.1, hereby removes the state court action entitled *Mya Morris v. Spirit Airlines, Inc., et al*, Case No. 22-005034-NO, from the Wayne County (Michigan) Circuit Court to the United States District Court for the Eastern District of Michigan, Southern Division.

## I.    INTRODUCTION

On April 29, 2022, Plaintiff Mya Morris ("Plaintiff") filed her Complaint against Spirit in the Wayne County (Michigan) Circuit Court. (**Ex. A: Cmplt.**) Plaintiff's Complaint contains four counts against Spirit and two Jane Does:[1] premises liability (Count I),[2] general negligence and gross negligence (Count II), *res ipsa loquitur* (Count III), and negligent training and supervision (Count IV). These claims are based on the following alleged facts:

Plaintiff alleges that her lawsuit arises out of injuries she sustained when she fell on a Spirit airplane while boarding for a flight on May 17, 2021. (**Ex. A: Cmplt.**, ¶6.) Specifically, Plaintiff alleges that as she "was putting her bag into the overhead bin, she tripped on a defective and sticky aisle-runner that consisted of elevated/defective plastic. Plaintiff's lower back [then] came into violent contact with the armrest of one of the aircraft's seats." (*Id.*) Plaintiff further alleges that she "was visibly in pain and was not offered any medical attention by agents/employees of Defendant …." (*Id.*) Instead, Plaintiff alleges, "Defendant's agents/employees, including but not limited to JANE DOE#1 and JANE DOE#2, informed Plaintiff she would have to remain seated for the flight as the aircraft was about to take off." (*Id.*)

---

[1] For removal purposes, the Court should ignore the Jane Doe defendants. *See* 28 U.S.C. §1441(b)(1); *see also* Part II.B., *infra*.

[2] Count I is alleged against Spirit only; all other claims are alleged against Spirit and the Jane Does.

Upon arrival at her destination, "Plaintiff requested a wheelchair and assistance from Defendant SPIRIT AIRLINES agents/employees, including JANE DOE#1 and JANE DOE#2; however, Plaintiff was not provided with a wheelchair or offered any kind of assistance." (*Id.*)

Due to her fall, Plaintiff claims that she sustained various injuries, including "a sacral fracture with radicular symptoms to both lower extremities, with accompanying tingling and numbness, emotional trauma, lower back pain, and pain in both legs." (**Ex. A: Cmplt.** at ¶6.) Plaintiff further claims that she "sustained permanent injuries, which injuries have caused pain, suffering, disability and mental anguish and in the future will cause pain, suffering, disability, and mental anguish." (*Id.* at ¶13.) As a result of the injuries, Plaintiff alleges that she "has been compelled to expend money for the medical care and treatment and in the future will be compelled to expend sums of money for medical care and treatment." (*Id.* at ¶14.) Plaintiff also claims that she "will be unable to engage in those activities which an individual of [her] age is accustomed to engage in, and [she] is [thereby] claiming damages for said deprivation and loss." (*Id.* at ¶15.)

## II.   DIVERSITY JURISDICTION

Section 1441(a) authorizes removal of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. §1441(a). Original jurisdiction of this action exists pursuant to 28 U.S.C.

§1332 because it is a civil action in which the amount in controversy exceeds the sum of $75,000, exclusive of costs and interest, and is between citizens of different states. *See* 28 U.S.C. §1332(a)(1).

### A. More Likely Than Not, Plaintiff Is Seeking Damages In Excess Of The Jurisdictional Amount

Plaintiff's Complaint seeks comprehensive and open-ended damages in excess of $75,000

The removing party has the burden of establishing the amount-in-controversy for diversity jurisdiction. *See Cleveland Hous. Renewal Project v. Deutsch Bank Trust Co.*, 621 F.3d 554, 559 (6th Cir. 2010). Where a plaintiff's complaint claims an unspecified amount in damages, a defendant seeking removal under diversity jurisdiction must demonstrate that the amount-in-controversy exceeds the statutory threshold by a preponderance of the evidence. *See Naji v. Lincoln*, 665 Fed. App'x 397, 400 (6th Cir 2016) (citing 28 U.S.C. §1446(c)(2)(B)).

Here, Plaintiff's Complaint pleads an unspecified amount in damages. (*See* **Ex. A: Cmplt.**) However, for several reasons the amount-in-controversy exceeds the jurisdictional minimum required in the Wayne County Circuit Court, which is more than $25,000. (*See*, *e.g.*, *id.* at ¶¶8, 25, 34 ("… the amount in controversy exceeds Twenty-Five Thousand ($25,000.00), exclusive of interest, costs, and attorney fees …"); *see also* Mich. Comp. Laws §§600.605, 600.8301(1). Therefore, Plaintiff has pled a sum greater than $25,001.

4

Second, Plaintiff alleges that, as a result of Spirit's acts and/or omissions, she has suffered various injuries, including but not limited to "a sacral facture with radicular symptoms to both lower extremities, with accompanying tingling and numbness, emotional trauma, lower back pain, and pain in both legs[,]" mental anguish and future pain, suffering, disability, and mental anguish, and medical costs. (**Ex. A: Cmplt.** at ¶¶6, 13-14.) Judgments or settlements in Michigan have regularly awarded well in excess of $75,000 for such claimed injuries. *See*, *e.g.*, *Aussicker v. Sutherland*, JVR No. 47411 (Mich. Cir. Ct. December 2005) ($168,000 settlement for the plaintiff who suffered, among other things, a sacral fracture and emotional distress); *Cooper v. Int'l Paper Co.*, JVR 1510060029 (E.D. Mich. Jun. 6, 2015) ($3,011,784 jury verdict reduced to $2,111,384 where the plaintiff suffered a sacral fracture among other injuries and damages, including for past and future medical costs).

Importantly, Plaintiff also alleges other unlimited and unqualified economic and noneconomic damages, including pain, suffering, disability, mental anguish, and a loss of mobility. (**Ex. A: Cmplt.** at ¶¶13, 20-21.) This Court has previously found that numerous bodily injuries, "combined with an open-ended request for an unspecified amount of damages," made it more likely than not that the amount in controversy exceeded $75,000. *Barber v. Zurich American Ins. Co.*, 2015 WL

93530, *2 (E.D. Mich. Jan. 7, 2015) (**Ex. B**); *see also Brewer v. Schindler Elevator Corp.*, 2017 WL 676942, *2 (E.D. Mich. Feb. 21, 2017) (**Ex. C**).

Aggregation of Plaintiff's alleged damages is appropriate here because of the different classes or types of available damages sought by Plaintiff. *Gurwin v. UBS Fin. Servs., Inc.*, 2007 WL 1218772, *4 (E.D. Mich. Apr. 24, 2007) (**Ex. D**). Plaintiff's alleged damages arise out of the same alleged conduct by Spirit. However, each of Plaintiff's classes of damages arises from a distinct legal remedy to which she would be entitled under law if she proves her case. *Id.* At the time of this removal, Plaintiff's alleged damages consist of economic damages for items such as medical bills incurred as a result of Spirit's alleged conduct, as well as noneconomic damages related to Plaintiff's claimed "pain, suffering, disability, and mental anguish." (**Ex. A: Cmplt.** at ¶¶13, 20.) Each of these types of damages has a different purpose. As such, aggregating all of these damage categories is appropriate. *Gurwin*, 2007 WL 1218772 at *4.

The amount-in-controversy for Plaintiff's numerous alleged serious injuries, as well as economic damages, including costs related to "medical care and treatment" (**Ex. A: Cmplt.** at ¶¶14, 22), are most likely well in excess of $75,000. This is especially evident from the unlimited, unqualified, and open-ended nature of Plaintiff's claimed damages, many of which will purportedly continue into the indefinite future. (*See, e.g., id.* at ¶¶20, 22.) Therefore, consistent with this Court's

prior holdings, Spirit has shown by a preponderance of the evidence an amount-in-controversy in excess of $75,000, which satisfies the federal diversity jurisdiction requirement under 28 U.S.C. §1332(a)(1).

### B.    Complete Diversity Of Citizenship Exists

As a threshold point, the citizenships of Jane Doe#1 and Jane Doe#2, whom Plaintiff sued under fictitious names (**Ex. A: Cmplt.** at ¶3), should be disregarded for purposes of the diversity jurisdiction analysis. 28 U.S.C. §1441(b)(1) ("In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictious names shall be disregarded."). The question, therefore, is whether there is diversity of citizenship between Plaintiff, on the one hand, and Spirit, on the other hand.

There is complete diversity of citizenship between Plaintiff and Spirit under 28 U.S.C. §1332(a)(1). Plaintiff is alleged to be a resident and citizen of Michigan. (**Ex. A: Cmplt.** at ¶1.) Plaintiff's Complaint accurately alleges Spirit is a foreign corporation (*id.* at ¶2), and, specifically, Spirit is incorporated in Delaware, and its principal place of business is Miramar, Florida. (**Ex. E: Florida Detail by Entity Name**.) Thus, Spirit is a citizen of Delaware and Florida for diversity purposes. *See* 28 U.S.C. §1332(c)(1) (providing that corporations are citizens of their state of incorporation and in the state of their principal place of business). Accordingly, complete diversity exists between Plaintiff and Spirit. Additionally, Spirit is not a

corporate citizen of Michigan. *See* 28 U.S.C. §1441(b)(2) (an action may not be removed based on diversity jurisdiction if any of the defendants is a citizen of the State in which such action is brought).

### III.   SPIRIT HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL

#### A.   Timeliness Of Removal

Plaintiff filed her Complaint on April 29, 2022. (**Ex. A: Cmplt.**) Spirit was served with Plaintiff's Complaint on May 2, 2022. This Notice of Removal is therefore timely filed within thirty (30) days from the date of receipt of Plaintiff's Complaint and within one (1) year from the date this action was filed. *See* 28 U.S.C. §1446(b).

#### B.   Venue Is Proper

Venue of this removed action is proper pursuant to 28 U.S.C. 1441(a) because the United States District Court for the Eastern District of Michigan is the District Court embracing the Michigan county (Wayne) in which the removed action was pending. *See* E.D. Mich. L.R. 83.10(a).

#### C.   Notice

Pursuant to 28 U.S.C. §1446(d), Spirit will promptly file written notice of this removal and a copy of the Notice of Removal with the clerk of the state court in which this action is currently pending and will serve a copy of this notice on Plaintiff. Spirit will also file a copy of all additional papers in the state court record, if any,

with this Court. By filing this Notice of Removal, Spirit does not waive, and hereby reserves, its right to assert any and all objections and defenses to Plaintiff's Complaint.

## IV.   CONCLUSION

This Court has original subject matter jurisdiction over this action based on diversity jurisdiction (28 U.S.C. §1332), and Spirit respectfully removes this action from the Wayne County (Michigan) Circuit Court to this Court pursuant to 28 U.S.C. §1441.

Respectfully submitted,

JAFFE RAITT HEUER & WEISS, P.C.

By: /s/ Scott R. Torpey
     Scott R. Torpey (P36179)
     Derek D. McLeod (P66229)
*Attorneys for Defendant*
27777 Franklin Road, Suite 2500
Southfield, Michigan 48034-8214
(248) 351-3000
(248) 351-3082 fax
storpey@jaffelaw.com
Dated: May 23, 2022    dmcleod@jaffelaw.com

9

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 23, 2022, I caused Defendant Spirit Airlines, Inc.'s Notice of Removal to be electronically filed with the Clerk of the Court using the ECF system, which sent notification of such filing upon all ECF Participants.

/s/ Scott R. Torpey
Scott R. Torpey (P36179)

4861-9601-4111