# EXHIBIT A

22-005034-NO FILED IN MY OFFICE Cathy M. Garrett WAYNE COUNTY CLERK 4/29/2022 9:38 AM Carlita McMiller

VAHDAT WEISMAN LAW
Attorneys & Counselors at Law
V|W

## STATE OF MICHIGAN
## IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

MYA MORRIS,                    Case No. 22-      -NO

      Plaintiff,

v.

SPIRIT AIRLINES, INC.,
JANE DOE#1 and JANE DOE#2,

      Defendants.

---

JORDAN S. VAHDAT (P79237)
**VAHDAT WEISMAN LAW**
*Attorney for Plaintiff*
17197 N. Laurel Park Dr., Ste. 500
Livonia, MI 48152
(734) 469-4994
Jordan@thevwlaw.com

---

THERE ARE NO OTHER CAUSES OF ACTION BETWEEN THESE PARTIES AND/OR ARISING OUT OF THE SAME TRANSACTION AND/OR OCCURRENCE AS ALLEGED IN THIS COMPLAINT PENDING IN THIS OR ANY OTHER COURT.

### PLAINTIFF'S INITIAL COMPLAINT

NOW COMES the Plaintiff, MYA MORRIS, by and through her attorneys, VAHDAT WEISMAN LAW, and for her Initial Complaint against the Defendant, states as follows:

1. That the Plaintiff, MYA MORRIS, is a resident of Clinton Township, State of Michigan.

2. Venue is appropriate in the Circuit Court for the County of Wayne because Defendant, SPIRIT AIRLINES, INC., is a foreign profit corporation that maintains a continuous presence and conducts systematic business in the County of Wayne and the acts providing the basis for this complaint occurred in the County of Wayne, State of Michigan.

3. Upon information and belief, Defendants JANE DOE#1 and JANE DOE#2 are agents/employees of Defendant SPIRIT AIRLINES, INC., and are either residents of the County

1

of Wayne, State of Michigan and/or conduct continuous and systematic business within the County of Wayne, and State of Michigan.

## COUNT I – PREMISES LIABILITY
## (AS TO DEFENDANT SPIRIT)

4. At all relevant times, Defendant, was empowered to exercise rights with respect to care, custody, control, possession, and management of the subject premises.

5. That on or about May 17, 2021, the Plaintiff, MYA MORRIS, as a passenger on Defendant SPIRIT AIRLINES aircraft, was a business invitee of Defendant. Therefore, Defendant SPIRIT AIRLINES owed Plaintiff a duty to:

    (a) maintain the premises in a reasonably safe condition;

    (b) exercise ordinary care to protect Plaintiff from unreasonable risks known to the possessor;

    (c) warn of open and obvious dangers if the possessor should expect that invitees would not discover the danger or would not protect herself against it; and

    (d) inspect the premises to discover possible dangers of which they were not aware.

6. That on or about May 17, 2021, the Plaintiff boarded Defendant SPIRIT AIRLINES flight no. NK1061 as a passenger at the Detroit Metropolitan Airport, which is located within the County of Wayne, State of Michigan. As Plaintiff was putting her bag into the overhead bin, she tripped on a defective and sticky aisle-runner that consisted of elevated/defective plastic. Plaintiff's lower back came into violent contact with the armrest of one of the aircraft's seats. Plaintiff was visibly in pain and was not offered any medical attention by agents/employees of Defendant; specifically, to wit: Defendants JANE DOE#1 and JANE DOE#2. Instead, Defendant's agents/employees, including but not limited to JANE DOE#1 and JANE DOE#2 informed Plaintiff she would have to be remain seated for the flight as the aircraft was about to take off. Upon arrival at the destination, Plaintiff requested a wheelchair

and assistance from Defendant SPIRIT AIRLINES agents/employees, including JANE DOE#1 and JANE DOE#2; however, Plaintiff was not provided with a wheelchair or offered any kind of assistance. Due to the fall, Plaintiff sustained the following injuries, which include but are not limited to: a sacral fracture with radicular symptoms to both lower extremities, with accompanying tingling and numbness, emotional trauma, lower back pain, and pain in both legs.

7. Plaintiff is and was, at all relevant times, a business invitee (passenger) of the Defendant.

8. That this Court has jurisdiction as a result of the injuries and damages sustained by the Plaintiff, and the amount in controversy exceeds Twenty-Five Thousand ($25,000.00), exclusive of interest, costs, and attorney fees, and is otherwise within the jurisdiction of the this Court.

9. That the Defendants at all times pertinent hereto had the responsibility to properly inspect, maintain, and/or repair the subject premises.

10. That at all times pertinent hereto the Defendants, individually and by agents, servants, and/or employees owed duties to the Plaintiff, and that notwithstanding said duties, the Defendants violated and breached same as expressed in the following particulars:

    a. In failing to inspect the subject premises when reasonable inspection would have revealed the dangerous condition which existed upon said premises;

    b. In the Defendant failing to employ sufficient numbers of employees to inspect and/or alleviate dangerous conditions which existed on Defendant's premises;

    c. In failing to keep the Defendant's premises free from unsafe conditions, to wit: failing to properly maintain/repair the aisles and walkways of the aircraft, which the Defendant knew, or in the exercise of reasonable care should have known posed an unreasonable danger to its invitees/licensees;

    d.    In the Defendant failing to keep the aisles and plastic liners in the aisles within the subject premises in a condition fit for use;

    e.    In the Defendant allowing unsafe conditions to exist in the aisles of the aircraft and its surrounding areas;

    f.    In failure to use reasonable care in performing its obligations to keep the subject premises aisles in reasonable repair and in a condition that would not pose an unreasonable risk of harm to its invitees/licensees;

    g.    In failure to use reasonable care in performing inspections and / or maintaining the premises aisles when the Defendants knew or should have known the aisle runner contained a defective and sticky piece of elevated plastic that was unsafe and posed a threat to passengers;

    h.    In other ways as may be determined throughout discovery.

11. That Defendant had a statutory duty to keep its premises in reasonable repair, more specifically but not limited to MCLA 554.139 and other Statutes.

12. One or more of the Defendant's negligent acts or omissions was a legal and proximate cause of Plaintiff's injuries.

13. That as a result of Defendant's negligence as set forth above, the Plaintiff sustained permanent injuries, which injuries have caused pain, suffering, disability and mental anguish and in the future will cause pain, suffering, disability, and mental anguish.

14. That as a result of the injuries inflicted upon the Plaintiff, the Plaintiff has been compelled to expend money for the medical care and treatment and in the future will be compelled to expend sums of money for medical care and treatment.

15. That as a result of the injuries sustained by Plaintiff, the Plaintiff will be unable to engage in those activities which an individual of the Plaintiff's age is accustomed to engage in, and the Plaintiff is hereby claiming damages for said deprivation and loss.

WHEREFORE, Plaintiff, MYA MORRIS, prays for judgment against the Defendants, in whatever amount the jury or Court determines to be fair, just and adequate compensation for the

injuries and damages sustained by the Plaintiff.

## COUNT II - GENERAL NEGLIGENCE AND GROSS NEGLIGENCE
### (AS TO ALL DEFENDANTS)

NOW COMES the Plaintiff and incorporates all allegations set forth in Count I of this Complaint as if repeated paragraph by paragraph and word for word.

16. That at all times pertinent hereto the Plaintiff, MYA MORRIS, was a business invitee at the aforementioned property owned, maintained, and/or possessed by the Defendant SPIRIT AIRLINES.

17. That on or about May 17, 2021, Plaintiff, MYA MORRIS, while a business invitee upon the aforementioned property, was injured due to the negligence of Defendants.

18. That at all times pertinent hereto, Defendants had a duty of reasonable care in the maintenance of the subject property. This included a duty to exercise reasonable care for the protection of passengers like Plaintiff.

19. At all times pertinent hereto, the Defendants, owed a duty to keep Plaintiff reasonably safe and failed to do so, thereby causing her to suffer bodily injuries as mentioned above. The action and/or inaction of the Defendants as indicated in this Complaint were so reckless as to demonstrate a substantial lack of concern to whether injury would result to passengers, including Plaintiff. The actions and/or inactions of Defendants JANE DOE#1 and JANE DOE#2 in failing to attend to Plaintiff's injuries were so reckless as to demonstrate a substantial lack of concern to whether Plaintiff's injuries would be aggravated due delay of medical care.

5

20. That as a result of Defendants' negligence and/or gross negligence, Plaintiff sustained severe, numerous and permanent injuries and damages, which injuries have caused pain, suffering, disability, and mental anguish and will in the future cause pain, suffering, disability, and mental anguish and is hereby claiming damages for said injuries and damages.

21. That as a result of Defendants' negligence and/or gross negligence, Plaintiff has suffered a severe loss of mobility and will be unable to engage in those activities which an individual of the Plaintiff's age is accustomed to engage in, and the Plaintiff is claiming damages for said deprivation and loss.

22. That as a result of Defendants' negligence, Plaintiff has been compelled to expend sums of money for medical care and treatment and in the future will be compelled to expend sums of money for medical care and treatment, and is hereby claiming damages for said medical expenses.

23. That as a direct and proximate result of the above-named Defendants, Plaintiff endured a severe injury that caused and will cause her emotional trauma / distress.

24. That as a direct and proximate result of the negligence and/or gross negligence of Defendants, Plaintiff, MYA MORRIS, sustained and claims the damages previously set forth in Count I of this Complaint, which are herein incorporated and claimed.

25. That the amount in controversy exceeds Twenty-Five Thousand Dollars ($25,000.00) exclusive of interest, costs, and attorney fees, and is otherwise within the jurisdiction of this Court.

WHEREFORE, Plaintiff, MYA MORRIS, herein prays for a judgment against Defendants, in whatever amount above Twenty-Five Thousand Dollars ($25,000.00) the Plaintiff is found entitled in addition to all other statutory damages including exemplary damages, interest, costs, and attorney fees.

### COUNT III – RES IPSA LOQUITUR
### (AS TO ALL DEFENDANTS)

NOW COMES the Plaintiff and incorporates all allegations set forth in Counts I and II of this Complaint as if repeated paragraph by paragraph and word for word.

26. Plaintiff pleads that she was injured as a direct and contemporaneous result of the a defecting and sticky plastic aisle runner that caused her to trip and fall. Said fall caused Plaintiff to sustain severe injuries, which is an accident the type that would not normally occur without negligence or is uncommon in the course and nature of the act Plaintiff was engaging in, which was namely, walking/standing in the aisle of the aircraft in the normal and customary manner in which persons walk/stand on aircraft aisles when attempting to load luggage into overhead bins.

27. At all pertinent times herein, the aircraft, its aisles, and aisle runners, were under the exclusive control of Defendant SPIRIT AIRLINES.

28. The injuries Plaintiff sustained when she tripped and fell were in no way attributable to her since she was simply standing/walking in the aisle of the aircraft when she tripped and fell on a defective and sticky aisle runner, thereby causing her to suffer from severe injuries as listed above.

WHEREFORE, Plaintiff, MYA MORRIS, herein prays for a judgment against Defendants in whatever amount above Twenty-Five Thousand Dollars ($25,000.00) the Plaintiff is found entitled in addition to all other statutory damages including exemplary damages, interest, costs, and attorney fees.

## COUNT IV – NEGLIGENT TRAINING AND SUPERVISION
### (AS TO ALL DEFENDANTS)

NOW COMES the Plaintiff and incorporates all allegations set forth in Counts I, II, and III of this Complaint as if repeated paragraph by paragraph and word for word.

29. That at all times hereto, Defendant SPIRIT AIRLINES was under a duty to properly train and supervise its employees including but not limited to JANE DOE#1 and JANE DOE#2.

30. That the employees/ agents, including but not limited to JANE DOE #1 and JANE DOE #2 were acting in the course and scope of their employment with Defendant SPIRIT AIRLINES, but were negligently trained and supervised, which ultimately led to Plaintiff being injured and/or led to the aggravation of her injuries.

31. That at all pertinent times hereto, the Defendant, SPIRIT AIRLINES, owed duties to its passengers, including Plaintiff, and notwithstanding, the Defendant breached same as expressed in the following particulars:

> a. In failing to properly train employees/agents on how to properly warn passengers of conditions that were dangerous and which posed an unreasonable risk of harm to its business invitees;
>
> b. In failing to properly train employees/agents in how to respond to incidents involving injuries to its passengers in a manner that is safe for its business invitees and would ensure prompt medical care;
>
> c. In failing to properly train its employees/agents in general;
>
> d. In failing to use appropriate care and precaution, in fostering a careless environment in which reckless conduct on behalf of its agents/employees is tolerated, in permitting improper management of the property by failing to keep the aisle runners in reasonable repair, in failing to report and repair the defective aisle runners, and otherwise failing to take appropriate actions to keep their passengers safe;
>
> e. In engaging in conduct so reckless as to demonstrate a substantial lack of concern whether injury would result to a passenger, including Plaintiff;
>
> g. In failing to properly follow its own safety guidelines and policies;

8

h. Other particulars to be determined through discovery.

32. That as a result of Defendant SPIRIT AIRLINE's negligent training and supervision of JANE DOE#1 and JANE DOE#2, Plaintiff suffered severe injuries and the aggravation of severe injuries due to a delay/denial in the treatment and medical care Plaintiff required.

33. That as a direct and proximate result of Defendant SPIRIT's negligent training and supervision of JANE DOE#1 and JANE DOE#2, Plaintiff sustained claims and damages as previously set forth in Count I, II, and III of this Complaint, which are herein incorporated and claimed.

34. That the amount in controversy exceeds Twenty-Five Thousand Dollars ($25,000.00) exclusive of interest, costs, and attorney's fees, and venue is otherwise proper in this Court.

WHEREFORE, Plaintiff, MYA MORRIS, herein prays for a judgment against Defendants in whatever amount above Twenty-Five Thousand Dollars ($25,000.00) the Plaintiff is found entitled in addition to all other statutory damages including exemplary damages, interest, costs, and attorney fees.

Respectfully submitted,
**VAHDAT WEISMAN LAW**

By: /s/ *Jordan S. Vahdat*
Jordan S. Vahdat (P79237)
*Attorney for Plaintiff*
17197 N. Laurel Park Dr., Ste. 500
Livonia, MI 48152
(734) 469-4994

Dated: April 28, 2022